UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 11, 2013

LETTER TO COUNSEL:

RE:   *Tina Riden-Franklin v. Commissioner, Social Security Administration*;
      Civil No. SAG-10-2298

Dear Counsel:

On August 22, 2010, the Plaintiff, Tina Riden-Franklin, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 19, 23. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Ms. Riden-Franklin filed her claim on November 21, 2007, alleging disability beginning on April 21, 2007. (Tr. 112-20). Her claim was denied initially on May 30, 2008, and on reconsideration on September 17, 2008. (Tr. 67-74, 79-82). A hearing was held on May 28, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 28-62). Following the hearing, on August 13, 2009, the ALJ determined that Ms. Riden-Franklin was not disabled during the relevant time frame. (Tr. 6-18). The Appeals Council denied Ms. Riden-Franklin's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Riden-Franklin suffered from the severe impairments of coronary artery disease, depressive/anxiety related disorder, and diabetes mellitus. (Tr. 11). Despite these impairments, the ALJ determined that Ms. Riden-Franklin retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she needs simple, routine, unskilled jobs, low stress environment, and requires low concentration. The claimant must have a sit/stand option, no exposure to heights or hazardous machinery, no prolonged balancing or stooping, avoid climbing ladders, ropes, scaffolds, or overhead reaching. The claimant is mildly limited in her ability to perform activities requiring pushing/pulling with right

*Tina Riden-Franklin v. Commissioner, Social Security Administration*
Civil No. SAG-10-2298
January 11, 2013
Page 2

upper extremity.

(Tr. 13-14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Riden-Franklin could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 16-17).

Ms. Riden-Franklin argues that the ALJ erred in six ways: (1) the ALJ did not include her moderate limitations in social functioning in the RFC; (2) the ALJ did not include any limitations on the amount of standing and walking she could perform in his RFC or hypothetical to the VE; (3) the ALJ failed to address the opinions of the reviewing state agency physicians; (4) the ALJ should have found her right shoulder impairment to be severe; (5) the ALJ failed to properly evaluate the opinions of the psychological consultative examiner, Dr. French; and (6) the ALJ failed to address her obesity. I agree that the ALJ's hypothetical to the VE was deficient. Remand is therefore warranted.

The only medical evidence cited by the ALJ regarding Ms. Riden-Franklin's ability to stand or walk was Dr. Barrish's opinion. (Tr. 15). The ALJ failed to mention the findings of two state agency physicians. Each of those opinions found that Ms. Riden-Franklin could only stand or walk for approximately two hours in an eight-hour workday. (Tr. 424, 450, 477). The ALJ's RFC determination included "a sit/stand option," (Tr. 13), allowing Ms. Riden-Franklin to alternate standing and sitting at will. The ALJ's hypothetical to the VE, however, was inexplicably based on a person who "could stand for 30 minutes, sit for 30 minutes consistently on an alternate basis during an eight-hour day five days a week[.]" (Tr. 58-59). While the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), hypothetical questions must be consistent with substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988); *see also Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). The ALJ's own RFC determination, and the evidence cited by the ALJ, does not support a finding that Ms. Riden-Franklin can alternate standing and sitting in thirty minute intervals in an eight-hour day.[1] Because the ALJ's finding that Ms. Riden-Franklin could perform work existing in the economy was based on this improper hypothetical, the ALJ's error is not harmless. Accordingly, remand is warranted. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Riden-Franklin was ineligible for benefits was correct or incorrect.

Although I need not address the remaining issues Ms. Riden-Franklin raised on appeal, a few additional issues may warrant consideration on remand. First, the ALJ did not include, or explain his failure to include, Ms. Riden-Franklin's moderate limitation in social functioning in the RFC determination. This error is likely harmless because the ALJ proceeded to Step Five, and included Ms. Riden-Franklin's moderate limitation in social functioning in his hypothetical to the VE. (Tr. 58). The VE, based on this hypothetical, found that Ms. Riden-Franklin could

---

[1] Ms. Riden-Franklin would have to stand or walk for four hours during an eight-hour day based on this hypothetical, which also is inconsistent with both the ALJ's RFC finding and substantial evidence.

perform jobs that exist in the national economy. (Tr. 59-60). Nonetheless, the Commissioner may wish to align its RFC determination and VE hypothetical on remand.

The ALJ also failed to address the opinions of two state agency physicians. This error is likely harmless because the ALJ's RFC determination and VE hypothetical were largely consistent with the state agency physicians' opinions. (*See* Tr. 13, 58, 458-59, 499). On remand, however, the Commissioner may consider discussing, and explaining the weight given to, those opinions. *See* 20 C.F.R. § 404.1527(b) (noting that the Commissioner "will always consider the medical opinions" in each case).

I need not address the remaining issues Ms. Riden-Franklin has raised on appeal, because the case will be remanded for further proceedings. For the reasons set forth herein, Ms. Riden-Franklin's motion for summary judgment, ECF No. 19, and Defendant's motion for summary judgment, ECF No. 23, will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge